IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-105 |
| | ) |
| TYREE LAVARE TRULEY | ) |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to reduce sentence filed by Tyree Lavare Truley ("petitioner"). For the following reasons, petitioner's motion will be denied.

On February 27, 2008, a grand jury returned a two-count indictment against petitioner charging him with possession with intent to distribute 500 grams or more of cocaine (Count One); and, possession of a firearm in furtherance of a drug trafficking crime (Count Two). On November 17, 2009, pursuant to a written plea agreement, petitioner entered a plea of guilty to Count One and he subsequently was sentenced to a term of imprisonment of 78 months. Petitioner did not file a direct appeal.

On March 3, 2011, petitioner sent a letter to the court alleging an error in his sentence. Specifically, petitioner contends that the application of a two-level increase to his base offense level for possession of a firearm was a violation of the terms of his plea agreement, and that he was "tricked" by the government because, he alleges, this enhancement was never discussed during plea negotiations and effectively negated his negotiated two-level decrease for acceptance of responsibility.

AO 72
(Rev. 8/82)

The court liberally has construed petitioner's letter as a motion to reduce sentence. Upon due consideration of that motion, the government's response and petitioner's reply, the court finds that petitioner knowingly and voluntarily waived his right to file a collateral attack and that his waiver is valid and enforceable. Accordingly, petitioner's motion will be denied.[1]

In this case, petitioner entered into a binding plea agreement with the government which contains a provision expressly waiving <u>all</u> of his collateral attack rights. This waiver provision explicitly provides:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, <u>and the right to file any other collateral proceeding attacking his conviction or sentence</u>."

Plea Agreement, ¶A7 (emphasis added).

The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence

---

[1] Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See <u>United States v. Nahodil</u>, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of the motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See <u>Government of Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, the court finds, for the reasons set forth in this opinion, that the record, along with the court's personal knowledge of the case, affirmatively establish as a matter of law that petitioner's claim for relief has been waived, and otherwise is meritless. Accordingly, no hearing is required.

is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Applying this standard, the court finds that petitioner's waiver of his collateral attack rights is valid and controlling.

First, petitioner's waiver of his collateral attack rights unquestionably was knowing and voluntary. Petitioner admitted under oath at the plea hearing that counsel had reviewed the plea agreement containing the waiver provision with him, confirmed that it was his own signature on the plea letter, and admitted that he had signed it knowingly and voluntarily after having discussed it with counsel. (Transcript at 12-13).

Moreover, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(N), the court explicitly emphasized to petitioner that he was waiving his right to file any collateral proceeding attacking his conviction or sentence and specifically inquired as to whether petitioner understood that he was waiving those rights, to which petitioner responded, "[c]ertainly, sir." (Transcript at 14). Accordingly, a finding of involuntariness is foreclosed by petitioner's admissions at the change of plea hearing and he has raised no other meritorious allegation that the waiver of his collateral attack rights otherwise was coerced or involuntary.

Nor can petitioner demonstrate that enforcement of the collateral attack waiver would work a miscarriage of justice. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be

AO 72
(Rev. 8/82)

worked by enforcing the waiver." <u>Mabry</u>, 536 F.3d at 242-3. This circuit has identified instances that may constitute a miscarriage of justice, such as if enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. <u>Id</u>. at 243 (citing <u>United States v. Shedrick</u>, 493 F.3d 292, 303 (3d Cir. 2007); <u>United States v. Wilson</u>, 429 F.3d 455 (3d Cir. 2005)).

Here, the collateral attack waiver agreed to by petitioner was broad and contained <u>no</u> exceptions, explicitly stating that he "<u>waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.</u>" Plea Agreement, ¶A.7 (emphasis added). Petitioner also has failed to identify "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." <u>Mabry</u>, 536 F.2d at 243.

Petitioner also has not even alleged, much less established, that his trial counsel was ineffective in negotiating the plea agreement that contained the collateral attack waiver provision, which petitioner would be required to show in order to establish a miscarriage of justice sufficient to preclude enforcement of the waiver of his collateral attack rights.

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, petitioner must demonstrate: (1) that counsel's performance fell below an

AO 72
(Rev. 8/82)

objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Here, petitioner cannot show deficient performance because the enhancement clearly was proper, as petitioner was in possession of both the firearm and the cocaine at the time of his arrest.[2] Nor does petitioner suggest that his counsel failed to inform him of the applicability of the enhancement, but instead exclusively argues that he was "tricked by the government."

Moreover, even if the court were to assume that petitioner in fact was not aware of the applicability of the two-level enhancement, he cannot show prejudice.[3] In the context of an

---

[2] In his reply to the government's response, petitioner attempts to raise a new challenge to the validity of the traffic stop and suggests that a state trooper committed perjury at a pretrial hearing on petitioner's motion to suppress evidence. Reply briefs may not be used to raise a new claim and, in any event, any such claim likewise is foreclosed by petitioner's valid and controlling waiver of collateral attack rights.

[3] Petitioner's allegation that he was not aware of the applicability of the firearm enhancement strains credulity. In the plea agreement, petitioner acknowledged his responsibility for the conduct charged at Count Two (possession of a firearm in furtherance of a drug trafficking crime), stipulated that the conduct charged in Count Two may be considered in calculating his guideline range and imposing sentence, and even agreed to the voluntary forfeiture of the firearm and acknowledged that the firearm was "used to commit and facilitate the commission of the offense charged in Count One." Plea Agreement, ¶2-4. He also stipulated that the applicable guideline range is 78-97 months, not the 63-78 month range he now seeks through the elimination of the firearms enhancement. Finally, as the government aptly notes, the firearms enhancement was addressed in the presentence investigation report and in the court's memorandum order and tentative findings, as well as in defendant's own sentencing memorandum. At the sentencing hearing, defendant's counsel indicated to the court that he had reviewed with petitioner both

ineffective assistance of counsel claim relating to a guilty plea, the prejudice prong of the Strickland test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

Petitioner in this case has not even attempted to show that he would not have pled guilty and would have proceeded to trial but for counsel's allegedly ineffective performance. In fact, petitioner explicitly states in his motion that he still would have pled guilty "for the drugs" and that he merely is seeking to have his sentence vacated and to be re-sentenced without the two-level enhancement to his offense level for possession of a firearm.

The record as it stands before the court conclusively establishes that petitioner's counsel was not ineffective in negotiating a plea agreement containing a collateral attack waiver. Despite the strength of the government's evidence, petitioner's counsel successfully negotiated a favorable plea agreement whereby Count Two of the Indictment was dismissed, sparing petitioner from not only a trial but from a sentence of at least 120 months. In exchange, petitioner knowingly and voluntarily waived his collateral attack rights and knowingly and voluntarily agreed to a sentence within the negotiated guideline

---

the presentence report and the court's memorandum order and tentative findings prior to sentencing.

range of 78-97 months, a range which took into account a 2-level enhancement for possession of a firearm.

Because petitioner knowingly and voluntarily agreed to waive his right to file any collateral attack to his conviction and sentence, and the enforcement of that waiver does not work a miscarriage of justice, the court concludes that petitioner's waiver of his collateral attack rights is valid and controlling. Accordingly, petitioner's motion to reduce sentence will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to reduce sentence is denied. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order will follow.

／s／ Gustave Diamond
Gustave Diamond
United States District Judge

Date: December 5, 2011

cc: Craig Haller
 Assistant U.S. Attorney

 Tyree Lavare Truley